**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
──────────────────────────────

GORDON ROBINSON,

                Petitioner,

          v.                              No. 03-CV-1139
                                                 (LEK/DRH)

DARNELL DREW,[1] Warden, FCI Ray Brook,

                Respondent.

──────────────────────────────

**APPEARANCES:**               **OF COUNSEL:**

GORDON ROBINSON
Petitioner Pro Se
No. 21252-038
Federal Correctional Institution
Post Office Box 9002
Ray Brook, New York 12977

HON. GLENN T. SUDDABY          CHARLES E. ROBERTS, ESQ.
United States Attorney for the       Assistant United States Attorney
   Northern District of New York
Attorney for Respondent
Post Office Box 7198
100 South Clinton Street
Syracuse, New York 13261-7198

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

              **REPORT-RECOMMENDATION AND ORDER**[2]

      Petitioner pro se Gordon Robinson ("Robinson") is currently an inmate in the custody

of the United States Bureau of Prisons ("BOP"). Robinson was sentenced to a determinate

─────────────────

    [1] It appears that the proper name is Darryl Drew. Resp't Mem. of Law (Docket No.8)
at 2 n.2

    [2]This matter was referred to the undersigned for report and recommendation
pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.4.

term of 168 months imprisonment in the United States District Court for the District of Massachusetts on November 17, 1998 for a violation of 21 U.S.C. § 841(a)(1). He is currently serving that sentence. Robinson now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the ground that he should have received credit to his federal sentence for time served in the custody of the Massachusetts Department of Corrections (DOCS). For the reasons which follow, it is recommended that the petition be denied.

## I. Background

On September 13, 1989, Robinson was arrested in the Commonwealth of Massachusetts for the distribution of cocaine within a school zone. Scannell Decl. (Docket No. 8), Doc. 1c at 22. Robinson was sentenced to an indeterminate term of six to seven years imprisonment on November 15, 1990. Id. On October 15, 1994, Robinson was released from the custody of the Massachusetts DOCS. Id.  On July 30, 1996, Robinson sold crack cocaine to a cooperating witness in exchange for $50. Id. at 14. Robinson was subsequently arrested on August 29, 1996 by federal authorities. Id. at 1. Robinson was convicted and was sentenced as indicated above. Id. at Doc. 1b.

On February 16, 2003, Robinson requested 1,640 days credit against his federal sentence for time served in the custody of Massachusetts DOCS. Scannell Decl. at Doc. 1f. On March 4, 2003, this request was denied by the Warden. Id. Robinson's appeal to the Northeast Regional Director of the BOP was denied on April 15, 2003. Id. at 1g. Robinson's appeal of this decision to the National Inmate Appeals Administrator was denied on June 12, 2003. Id. at Doc. 1h. This action followed.

2

## II. Discussion

Robinson contends that he is entitled to 1,640 days credit against his current federal sentence for time served in the custody of Massachusetts DOCS. Respondent contends that Robinson is not entitled to prior custody credit.

In any computation of a federal sentence, two separate decisions must be made: when the federal sentence commenced and to what extent a defendant could receive credit for time spent in custody prior to commencement of sentence. "A [federal] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585 (a); United States v. Fermin, 252 F.3d 102, 108 (2d Cir. 2001).

18 U.S.C. § 3585(b) governs the calculation of prior custody credit and provides:

> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested  after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

(Emphasis added).

Thus, a defendant has no right to credit on his federal sentence for time that has already been credited against a prior state sentence. United States v. Labeille-Soto, 163

3

F.3d 93, 99 (2d Cir. 1998).  "Congress made clear that a defendant could not receive a double credit for his detention time." United States v. Wilson, 503 U.S. 329, 337 (1992).  A credit may be granted by the BOP after a defendant is sentenced, and although the defendant may obtain judicial review of BOP's decision, the credit is not granted by a district court at the time of sentencing. United States v. Galicia-Delgado, 130 F.3d 518, 522 (2d Cir. 1997) (quoting United States v. Keller, 58 F.3d 884, 894 (2d Cir. 1995)).

Robinson cannot be given credit for the time served because it was already credited toward his state sentence. In addition, the offense that resulted in the current federal sentence occurred after Robinson had completed his state sentence. The two convictions were for separate incidents although they involved similar conduct. Robinson's time served in Massachusetts DOCS custody was not a result of the offense for which the federal sentence was imposed and Robinson was not arrested after the commission of the offense for which the federal sentence was imposed. See 18 U.S.C. § 3585(b). While Robinson contends that the sentencing judge's recommendation that the BOP credit his time served in state custody is binding, Robinson's request rests with the BOP, not the district court. Galicia-Delgado, 130 F.3d at 522.

The petition on this ground should be denied.


### III.  Conclusion

For the reasons stated above, it is hereby

**RECOMMENDED** that the petition for a writ of habeas corpus be **DENIED**.

4

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Secretary of HHS. 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).


DATED:  May 2, 2005
          Albany, New York

United States Magistrate Judge

5